

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KMA: 2024V00311

*271-A Cadman Plaza East*
*Brooklyn, New York  11201*

October 2, 2025

BY ECF

Honorable Eric Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:   *Ansanyi Anequayke-Ngozi Sieuliau v. Director Colette Peters,*
             Civil Action No. 23-CV-9161 (EK)(CLP)

Dear Judge Komitee:

     This letter is respectfully submitted on behalf of Respondent to advise the Court that Petitioner Ansanyi Anequayke-Ngozi was released from the custody of the Federal Bureau of Prisons ("BOP") on September 26, 2025. This habeas action is now moot.

     Section 2 of Article III of the Constitution of the United States "requires the existence of an actual case or controversy through all stages of federal judicial proceedings." *Thomas v. Martinez*, No. 21-cv-5623 (KAM), 2023 WL 8653997, at *2 (E.D.N.Y. Dec. 14, 2023); *see also Baez v. Tellez*, No. 21-cv-04760 (DC), 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). "If at any time during the litigation, a party does not have an actual injury which is likely to be redressed by a favorable judicial decision, the case does not meet Article III's case or controversy test and is moot." *Geddes v. Lindsay*, No. 07-cv-5054 (NGG), 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) (internal quotation marks and citation omitted). If the petitioner has been released from prison, the matter may remain a live case or controversy if there is "some concrete and continuing injury" despite the release. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Baez*, 2023 WL 2020962, at *2.

     Here, there is no longer any case or controversy. Petitioner cannot demonstrate any concrete or continuing injury after her release from BOP custody. The relief sought was that the Court order the BOP to designate Petitioner to a female facility. Petitioner is longer in the BOP's custody. Accordingly, this action is moot, and should be dismissed.

Thank you for Your Honor's consideration of this submission.

                    Respectfully submitted,

                    JOSEPH NOCELLA, JR.
                    UNITED STATES ATTORNEY
                    Attorney for Respondent

By:   s/*Kathleen A. Mahoney*
        KATHLEEN A. MAHONEY
        Senior Litigation Counsel
        Assistant U.S. Attorney
        (718) 254-6026
        kathleen.mahoney@usdoj.gov

cc:    By First Class Mail

        Ansanyi Anequayke-Ngozi Sieuliau
        Petitioner
        Atlantic Armory Shelter
        1322 Bedford Avenue
        Brooklyn, New York 11216